THE STATE OF FLORIDA *ex rel.* W. H. ELLIS, AS ATTOR-NEY-GENERAL OF SAID STATE, AND J. M. BARRS, AS SPECIAL COUNSEL FOR RAILROAD COMMISSIONERS OF THE STATE OF FLORIDA, *Plaintiff*, v. SEABOARD AIR LINE RAILWAY, A CORPORATION, *Respondent*.

1. Upon the trial of the issue of the reasonableness of a specific rate prescribed by the Railroad Commission, where there is offered no evidence bearing even remotely upon the rate, a mandamus will issue for its enforcement.

2. In dealing with the reasonableness of a rate prescribed by the Railroad Commission, speculative suggestions as to what might possibly result, with no showing of an actual test are insufficient to overthrow the findings of the commission.

3. The burden is upon the railroad company to prove that the specific rate prescribed by the Railroad Commission, together with the other rates prescribed by it, deprive the company of a right guaranteed by the Federal constitution, and where it fails to show the value of the road in the State and the cost of operation, and also fails to separate domestic from foreign business, it can not be said that a net earning of 3½ per cent. on the total cost of construction, equipment, etc., is confiscatory.

This case was decided by the court *En Banc*.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*W. H. Ellis,* Attorney-General, and *J. M. Barrs* for plaintiff.

*Geo. P. Raney* for respondent.

COCKRELL, J.—The issues raised by the amended return filed herein July 26, 1904, are the same as those raised in the Atlantic Coast Line case, just decided, that is whether the phosphate rate sought to be enforced herein is in and of itself unreasonable, and whether said rate taken in connec-

tion with the other rates enforced by the State Railroad Commission on local business would deprive the railway of its property without due process of law or deny to it the equal protection of the law within the inhibition of the Federal constitution. Under the law the burden is upon the respondent to establish both these propositions.

The only proof offered was the sworn report of the railway company to the Railroad Commission of Florida for the year ending June 30, 1904; this report was admitted without objection. There is nothing in the report that tends to show that the rate is of itself unreasonable nor in fact any evidence that bears even remotely upon the specific rate, nor what the present voluntary rate is.

There was merely a suggestion in the argument that such rate is inherently unreasonable because the railway might be called upon to carry phosphate for one mile only and that this could not be done profitably at the rate prescribed. Such an argument is too speculative to be safely followed, and in the absence of an affirmative showing that the common carrier is face to face with such problem, that the actual test has been applied, we do not feel that the solemn finding of the Railroad Commission should be overthrown. There is no showing that phosphate is carried locally nor what may be charged for shipping the commodity in interstate or foreign commerce.

The respondent further fails to meet the burden of showing that the rate prescribed together with the other rates in force deprive the respondent of a right guaranteed by the constitution of the United States. It is impossible to ascertain from this showing what may be the operating expenses or the value of the road in Florida. There are given figures to show that the total cost of construction, equipment, etc., of the road in Florida has been about fifteen and a half million dollars, but nothing to show what the depreciation has been nor what the present value is. To questions asked by the Railroad Commission as to expenses of fuel and other operating items, the respondent replied that it could not an-

swer by States. It seems that the respondent in operating its line through several States has a scheme of distributing its incomes and expenses according to States, but this scheme is not made clear to us, nor has it so divided its domestic and foreign business that we can say that the net earning of only 3½ per cent. on the total cost of construction, equipment, etc., is a confiscation of its property, or in anywise an infringement upon its constitutional rights.

The court finds that the rate in question is not unreasonable and the court further finds that such rate taken in connection with the other rates prescribed by the Florida Railroad Commission does not deprive the respondent of its property without due process of law nor of the equal protection of the law.

Mr. Justice CARTER, before being called away by reason of illness in his family, took part in the consideration of this case and concurred in the conclusions announced.

The peremptory writ will be awarded.

TAYLOR, C. J. SHACKLEFORD, HOCKER and WHITFIELD, JJ., concur.

CARTER, J., absent.